IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN MIGUEL LOPEZ-MARTINEZ, :
       Plaintiff :
   v. : Case No. 3:23-cv-290-SLH-KAP
PATRICK "P.J." LECHLEITNER, *et al.*, :
       Defendants :

<u>Memorandum Order</u>

    The motion to change venue at ECF no. 12 is denied. A court should grant a motion to transfer an action to any proper venue when it is in the interest of justice. 28 U.S.C.§ 1404(a) My recommendation is pending that the complaint in this matter should be dismissed with prejudice without leave to amend. If the Court agrees, it is not in the interest of justice to transfer a meritless complaint; if the Court disagrees, then the Court will probably *sua sponte* order a change of venue.

    Plaintiff has sued federal officers and employees. Claims against such defendants in their individual capacity exist by analogy with the claim recognized by the Supreme Court in <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971)(damages action against federal law enforcement officials exists for violations of the Fourth Amendment), and the Supreme Court's has recently emphasized that "in all but the most unusual circumstances," <u>Egbert v. Boule</u>, 596 U.S. 482, 486 (2022), courts should not extend *Bivens* claims to new contexts. My pending recommendation explains why the Court should not do that here.

    Plaintiff cannot sue the defendants in their official capacity because that is equivalent to suing the United States, and the United States is immune from suit except as provided in the Federal Tort Claims Act. Plaintiff has not made a claim under the FTCA nor sought to convert this matter to an FTCA claim, *compare* <u>Snowden v. Henning</u>, 2021 WL 806724, at *5 (S.D. Ill.), *rev'd on other grounds*, 72 F.4th 237 (7th Cir. 2023), *petition for cert. docketed*, No. 23-976 (U.S. March 6, 2024), and he cannot do so in this court because the venue provision for federal tort claims, 28 U.S.C.§ 1402(b), provides venue "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." If plaintiff wishes to make the proper claim in the proper district should consult a lawyer promptly because the Court cannot practice law for him.

DATE:  October 3, 2024

                                             Keith A. Pesto,
                                             United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Juan Miguel Lopez-Martinez
516 N. New Street
Allentown, PA 18102