IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN MIGUEL LOPEZ-MARTINEZ,  :
      Plaintiff  :
   v.  : Case No. 3:23-cv-290-SLH-KAP
PATRICK "P.J." LECHLEITNER, *et al.*,  :
      Defendants  :

Memorandum Order

    Plaintiff filed a *pro se* civil suit using a form complaint (Form Pro Se 15) alleging that while he was a federal detainee, a data breach by some John Doe federal employee caused him injury. He named as defendants Garland, Mayorkas, Lechleitner and John Doe, that is, the Attorney General and the Secretary and two employees of the Department of Homeland Security. Plaintiff checked the boxes in the form complaint asserting that his claim was against them only in their official capacities. Because courts are required to interpret *pro se* complaints liberally I analyzed the complaint as if plaintiff had also named the defendants in their personal capacities (in other words attempted to state a *Bivens* claim against Garland, Mayorkas, and Lechleitner) and explained why there was no *Bivens* claim. Plaintiff, despite being granted an extension of time, did not file objections. He did file a motion to change venue that disregarded the fact that my recommendation is pending. I denied it, in the course of which I explained that he could not sue the defendants in their official capacities because that is equivalent to suing the United States, that the United States is immune from suit except as provided in the Federal Tort Claims Act, and that plaintiff had not made a claim under the Federal Tort Claims Act nor sought to convert this matter to a Federal Tort Claims Act complaint.

    Despite that broad hint in October 2024, plaintiff did not seek to amend his complaint (in this district, anyway) or even seek another extension to file objections to my pending recommendation. Almost exactly a year later the matter was stayed by a form order generated by the Chief Judge and then unstayed a month later by a form order generated by the Chief Judge in response to the government shutdown. The latter order called on counsel for the government to propose any updates in the schedule. The United States responded with a notice at ECF no. 16 substituting the current office holders for the defendants named in the original complaint and suggesting that no update to the schedule is necessary.

    To clarify things for the plaintiff: defendants sued in their official capacity are the equivalent of the government they work for. Since plaintiff only sued the original defendants in their official capacities it is appropriate to substitute the current office holders for original named defendants Garland, Mayorkas, and Lechleitner. I

1

recommended dismissal without leave to amend as to the three original named defendants because the plaintiff cannot sue them -either the former office holders or the current office holders- in their official capacities due to sovereign immunity, and without leave to amend the complaint because any individual capacity suit against Garland, Mayorkas, and Lechleitner is futile as well.

As Judge Gilbert observed in <u>Snowden v. Henning</u>, 2021 WL 806724 at *5 (S.D. Ill. Mar. 3, 2021), *rev'd on other grounds*, 72 F.4th 237 (7th Cir. 2023), *cert. denied*, 145 S.Ct. 137 (October 7, 2024), a plaintiff may have good reasons for not naming the United States in a complaint or asserting an FTCA claim, because

> [f]or one thing, the FTCA forbids a victim to file suit against the United States until first presenting an administrative claim to the appropriate federal agency in an attempt to resolve it without litigation. 28 U.S.C.§ 2672. Failure to do so can cost the plaintiff the opportunity to recover damages. *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Plaintiff is in the best position to decide whether and when to bring an FTCA claim against the United States.

Plaintiff has not in this case named the United States nor attempted to state a claim under the FTCA. Because he has stated no claim against the defendants in their official capacities and cannot do so, and because he has stated no claim against the defendants in their individual capacities and can state no claim against Garland, Mayorkas, and Lechleitner in their individual capacities, my unobjected to Report and Recommendation does not need to be updated.

The Clerk is ordered to substitute the current office holders (identified in ECF no. 16) as defendants in lieu of Garland, Mayorkas, and Lechleitner. Updating the defendants does not re-open the time for plaintiff to file objections.

DATE: December 10, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Juan Miguel Lopez-Martinez
516 N. New Street
Allentown, PA 18102